## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEANGELO SHERFIELD et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-384-G** |
| | ) | |
| **JUDGE BONNER et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>ORDER</u>

Plaintiff, appearing pro se, filed a Complaint (Doc. No. 1) on May 10, 2022 initiating this lawsuit.   On June 2, 2022, the Court denied Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 4) and advised Plaintiff that unless he either submitted an amended Application to Proceed in District Court Without Prepaying Fees or Costs or paid the $402 filing fee in full to the Clerk of the Court on or before June 23, 2022, this action was subject to dismissal without prejudice.  *See* LCvR 3.3(e).

The Court directed the Clerk of Court to mail a copy of the Court's June 2, 2022 Order with a copy of the Application to Proceed in District Court Without Prepaying Fees or Costs form to Plaintiff.  The docket reflects that this mailing was returned as undeliverable.[1]  *See* Doc. No. 5.  As of this date, Plaintiff has not filed an amended Application to Proceed in District Court Without Prepaying Fees or Costs, submitted his

---

[1] The docket further reflects that the change of address form mailed by the Clerk of Court to Plaintiff at the address provided in the Complaint was returned as undeliverable (Doc. No. 3).  Plaintiff is obligated to notify the Court of any change of mailing address on the form provided by the Clerk, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court."  LCvR 5.4.

required filing fee, taken any further action to prosecute this lawsuit, or otherwise been in contact with the Court.

Plaintiff has had ample time to ensure compliance but has not taken any action to cure the filing fee deficiency or otherwise prosecute this case.  Accordingly, dismissal of this matter is warranted.  *See* LCvR 3.3(e) (prescribing that if an *in forma pauperis* application is denied, the litigant's "[f]ailure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment" "shall be cause for dismissal of the action without prejudice to refiling").  Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  *See* Fed. R. Civ. P. 41(b).  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."  *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

2

CONCLUSION

For the foregoing reasons, the Complaint (Doc. No. 1) in this matter is DISMISSED

without prejudice.  A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of December, 2022.

CHARLES B. GOODWIN
United States District Judge